1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC PLAZA LLC, a Washington Limited Liability Company,<br><br>                                        Plaintiff,<br><br>                   vs.<br><br>LANDMARK AMERICAN INSURANCE COMPANY, a foreign insurer; IRONSHORE SPECIALTY INSURANCE COMPANY, a foreign insurer; STEADFAST INSURANCE COMPANY, a foreign insurer; FALLS LAKE FIRE AND CASUALTY COMPANY, a foreign insurer; COMMERCIAL INDUSTRIAL BUILDING OWNERS ALLIANCE, INC., a foreign corporation; and CLAIMS ADJUSTING GROUP, INC., a foreign corporation,<br><br>                                        Defendants. | No.<br><br>NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441 & 1446 |

TO:          Judges of the United States District Court
             for the Western District of Washington at Seattle;

AND TO:      Attorney for Plaintiff

        Defendants Landmark American Insurance Company ("Landmark"), Ironshore

Specialty Insurance Company, ("Ironshore"), Steadfast Insurance Company ("Steadfast"),

Falls Lake Fire and Casualty Company ("Falls Lake"), Commercial Industrial Building



WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Owners Alliance, Inc. ("CIBA"), and Claims Adjusting Group, Inc., ("CAGI") (collectively referred to as "Defendants") through their counsel of record, hereby provide notice of removal pursuant to 28 U.S.C. § 1332(a) and (c), § 1441(a), and § 1446(a), (b) and (d).  The grounds for removal are as follows:

1.      This notice of removal is brought pursuant to 28 U.S.C. §§1441(a), 1446 and Western District CR 101(a) and (b). This Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) and (c) on the basis that there is complete diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.  Venue is proper in the U.S. District Court for the Western District of Washington at Seattle because the plaintiff's action was filed in Snohomish County, Washington.  *See* 28 USC §1441(a); LCR 3(e).

2.      The Plaintiff filed this action in the Superior Court of the State of Washington for Pierce County on September 9, 2022. Silk Dec., **Exhibit 1** (copies of the Summons and Complaint). Service of the Summons and Complaint was made on Defendants, as follows:

a.      Landmark, on September 14, 2022 via Washington's Office of the Insurance Commissioner.  *See* Insurance Commissioner's Certificate of Insurance, Silk Dec., **Exhibit 2.**

b.      Ironshore, on September 14, 2022.  *See* Insurance Commissioner's Certificate of Insurance, Silk Dec., **Exhibit 3.**

c.      Steadfast, on September 14, 2022.  *See* Insurance Commissioner's Certificate of Insurance, Silk Dec., **Exhibit 4.**

d.      Falls Lake, on September 14, 2022.  *See* Insurance Commissioner's Certificate of Insurance, Silk Dec., **Exhibit 5.**

e.      CIBA, on September 19, 2022 via CT Corporation System in Olympia,

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Washington.  *See* Service of Process Transmittal Summary, Silk Dec., **Exhibit 6.**

         f.      CAGI, on September 19, 2022.  *See* Affidavit of Service, Silk Dec., **Exhibit 7.**

       3.     Defendants are all foreign corporations, as follows:

         a.      Landmark is a foreign corporation and currently is incorporated under the laws of the State of New Hampshire with its principal place of business in Atlanta, Georgia and therefore is a citizen of a state other than Washington.

         b.      Ironshore is a foreign corporation and currently is incorporated under the laws of the State of Arizona with its principal place of business in Boston, Massachusetts and therefore is a citizen of a state other than Washington.

         c.      Steadfast is a foreign corporation and currently is incorporated under the laws of the State of Illinois with its principal place of business in Schaumburg, Illinois and therefore is a citizen of a state other than Washington.

         d.      Falls Lake is a foreign corporation and currently is incorporated under the laws of the State of California with its principal place of business in Raleigh, North Carolina and therefore is a citizen of a state other than Washington.

         e.      CIBA is a foreign corporation and currently is incorporated under the laws of the State of California with its principal place of business in Glendale, California and therefore is a citizen of a state other than Washington.

         f.      CAGI is a foreign corporation and currently is incorporated under the laws of the State of California with its principal place of business in Glendale, California and therefore is a citizen of a state other than Washington.

WILSON
SMITH
COCHRAN
DICKERSON

1000 Second Avenue, Suite 2050
Seattle, Washington  98104
Telephone: (206) 623-4100
Fax: (206) 623-9273

4.      Upon information and belief, Plaintiff, at the time the Complaint was filed, and currently is a Limited Liability Company organized under the laws of the state of Washington. *See* Complaint at Silk Dec., **Exhibit 1**, Paragraph 1.1. There is complete diversity of citizenship between the parties pursuant to 28 U.S.C. §1332 (a) and (c).

5.      On October 3, 2022, the Plaintiff filed a First Amended Complaint, a true and correct copy of which is attached to the Silk Declaration as **Exhibit 8.** The First Amended Complaint includes the same allegations and claims that were in the Complaint, and adds a claim under the Insurance Fair Conduct Act, as set forth in Paragraphs 4.23 – 4.29.

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, for reasons which include, but are not limited to, the following:

a.      In its First Amended Complaint, the Plaintiff alleges claims for insurance payments and asserts claims for alleged breach of contract, violation of the Consumer Protection Act violation of the Insurance Fair Conduct Act and bad faith. *See* First Amended Complaint, at Silk Dec., **Exhibit 8**, Paragraphs 3.25 to 3.36 and Paragraphs 4.1 through 4.29. Although Plaintiffs' First Amended Complaint does not allege a specific amount of judgment that it seeks seek against the Defendants, it does allege that the Plaintiff has demanded $456,000 in business interruption coverage and payment of Plaintiff's attorney's fees, in addition to the remaining policy limits. *See* First Amended Complaint, at Silk Dec., **Exhibit 8,** Paragraph 3.35. In its Prayer, the Plaintiff seeks a trebling of actual damages under the CPA and under IFCA. *Id.*, at 12: 3-6.

b.      In its First Amended Complaint, the Plaintiff seeks attorneys' fees under its CPA and IFCA claims.   *See* First Amended Complaint, at Paragraphs 4.19, 4.29.

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

When attorney fees are sought by statute, they are included for calculating whether a plaintiff's claims meet the amount in controversy requirement. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only "interest and costs" and therefore includes attorneys' fees."). If Plaintiff prevails in the lawsuit, Plaintiff will seek attorney fees under the CPA and RCW 48.30.015. Based on standard attorney fee rates and the amount of time required to bring a lawsuit, such fees through a trial will more likely than not exceed $75,000.00.

7.     Adding together the amount claimed for: (1) actual damages; (2) statutory attorney fees under the WCPA and RCW 48.30.015; and (3) treble damages under the WCPA and RCW 48.30.015, the amount in controversy in this action clearly exceeds $75,000.

8.     The Defendants will give written notice of the filing of this Notice of Removal to all attorneys of record and to the Clerk of the Superior Court of Snohomish County, Washington, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants request that this action be removed to the United States District Court for the Western District of Washington at Seattle.

DATED this 10th day of October, 2022.

s/ John M. Silk
John M. Silk, WSBA #15035
s/ Sarah L. Eversole
Sarah L. Eversole, WSBA #36335
WILSON SMITH COCHRAN DICKERSON
1000 Second Ave., Suite 2050
Seattle, WA  98104
206-623-4100 T | 206-623-9273 F
silk@wscd.com | eversole@wscd.com
Attorneys for Defendants

NOT. OF REMOVAL TO FEDERAL COURT – 5
ljj/JMS1379.999/4269797X

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

**Attorney for Plaintiff**
Thomas Lether
Ryan Bisel
Lether & Associates, PLLC
1848 Westlake Ave. N., Suite 100
Seattle, WA 98109
(   )  Via U.S. Mail
(   )  Via Facsimile:  206-467-5544
(   )  Via Hand Delivery
( X ) Via Email:  tlether@letherlaw.com; rbisel@letherlaw.com

**SIGNED** this 10th day of October, 2022, at Seattle, Washington.

*s/ Traci Jay*
Traci Jay

NOT. OF REMOVAL TO FEDERAL COURT – 6
ljj/JMS1379.999/4269797X



1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273