IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| PACIFIC PLAZA LLC, a Washington Limited Liability Company;<br><br>Plaintiff,<br><br>v.<br><br>LANDMARK AMERICAN INSURANCE COMPANY, a foreign insurer; IRONSHORE SPECIALTY INSURANCE COMPANY, a foreign insurer; STEADFAST INSURANCE COMPANY, a foreign insurer; FALLS LAKE FIRE AND CASUALTY COMPANY, a foreign insurer; COMMERCIAL INDUSTRIAL BUILDING OWNERS ALLIANCE, INC., a foreign corporation; and CLAIMS ADJUSTING GROUP, INC. a foreign corporation;<br><br>Defendants. | No.  22-2-05428-31<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, Pacific Plaza LLC, submits the following Complaint for Declaratory Relief against the Defendants.

**I.     PARTIES**

1.1     Plaintiff, Pacific Plaza LLC (Pacific Plaza), is a Limited Liability Company organized under the laws of the state of Washington.

1.2     Defendant Landmark American Insurance Company (Landmark) is a foreign insurer organized under the laws of the state of Georgia doing business in Washington State.

1.3     Defendant Ironshore Specialty Insurance Company (Ironshore) is a foreign insurer organized under the laws of the state of California doing business in Washington State.

1.4     Defendant Steadfast Insurance Company (Steadfast) is a foreign insurer organized under the laws of the state of Delaware doing business in Washington State.

1.5     Defendant Falls Lake Fire and Casualty Company (Falls Lake) is a foreign insurer organized under the laws of the state of California doing business in Washington State.

1.6     Defendant Commercial Industrial Building Owner's Alliance, Inc. (CIBA) is a foreign corporation organized under the laws the state of California doing business in Washington State.

1.7     Defendant Claims Adjusting Group, Inc. (CAG), is a foreign corporation organized under the laws of the state of California doing business in Washington State.

## II.     JURISDICTION AND VENUE

2.1     Plaintiff reasserts paragraphs 1.1 through 1.7 and incorporates the same as though fully set forth herein.

2.2     All acts and omissions of the Defendants herein complained of occurred within Snohomish County, Washington. The subject policy was also issued in Washington State.

2.3     This Court has personal jurisdiction over Landmark pursuant to RCW 4.28.185.

2.4     This Court has personal jurisdiction over Ironshore pursuant to RCW 4.28.185.

2.5     This Court has personal jurisdiction over Steadfast pursuant to RCW 4.28.185.

2.6     This Court has personal jurisdiction over Falls Lake pursuant to RCW 4.28.185.

2.7     This Court has personal jurisdiction over CIBA pursuant to RCW 4.28.185.

2.8     This Court has personal jurisdiction over CAG pursuant to RCW 4.28.185.

2.9     This Court has jurisdiction over all parties and over the subject matter of this complaint.

2.10    Venue is proper in Snohomish County, Washington, pursuant to RCW 4.12.020.

### III.    FACTUAL BACKGROUND

**A.    Subject Property**

3.1     Plaintiff reasserts paragraph 1.1 through 2.10 and incorporates the same as though fully set forth herein.

3.2     The building that is the subject of this lawsuit is an L-shaped plaza located at 22315 Highway 99, Edmonds, WA 98026 (the "Subject Property"). The Subject Property leased office spaces to fourteen businesses.

3.3     On September 11, 2021, the Subject Property was completely destroyed by a three-alarm fire.

3.4     Due to the severity of the fire and despite more than seventy firefighters on scene attempting to put out the blaze, all businesses in the Subject Property were significantly damaged by smoke, fire, or water.

3.5     As a result of the fire, the Subject Property and businesses cannot be occupied and are not rentable until repairs are concluded.

3.6     The Subject Property was previously owned by Capstone Commercial Real Estate Advisors, LLC (Capstone).

3.7     On September 15, 2021, Capstone filed a claim with Falls Lake Fire and Casualty Company, Claim No. IP20-030 (the "Capstone Claim").

3.8     The subject insurers investigated the claim and concluded the loss was covered

under the subject policies.

3.9  On January 14, 2022, Plaintiff purchased the Subject Property from Capstone through a Purchase and Sale Agreement. The right to benefits associated with the Capstone Claim were also transferred to the Plaintiff. The insurers in this case agreed to and approved this assignment.

**B.     Insurance Coverage for Subject Property**

3.10  Plaintiff reasserts paragraphs 1.1 through 3.9 and incorporates the same as though fully set forth herein.

3.11  The CIBA Insurance Program provides property insurance through a risk pool.

3.12  Falls Lake is an insurer within the CIBA Insurance Program. Specifically, Falls Lake is the primary insurer for the Subject Property.

3.13  Landmark, Ironshore, and Steadfast (collectively, the "Underwriters") are also insurers within the CIBA Insurance Program. Specifically, the Underwriters are the first-tier excess insurers for the Subject Property.

3.14  Within the CIBA Insurance Program in regard to the Subject Property, CAG is the assigned claims adjustor on behalf of Falls Lake and the Underwriters.

3.15  CIBA is not an insurance company and does not provide or issues policies of insurance. Insurance coverage provided by the CIBA Insurance Program is provided solely by the carriers identified in the Schedule of Participating Insurance Companies and not by CIBA.

3.16  Pursuant to the Schedule of Participating Insurance Companies, Falls Lake and the Underwriters are participating insurance companies under the CIBA Insurance Program.

3.17  On or before March 31, 2020, Capstone maintained an insurance policy through CIBA with Falls Lake Fire and Casualty Company, Policy No. CIBA-000001-01, which was in

1  effect from March 31, 2020, to March 31, 2021 (the "Falls Lake Policy"). The Falls Lake Policy

2  limit of liability is $4,000,000.00 regarding the Subject Property.

3      3.18    The Falls Lake Policy provided coverage including, but not limited to, (1) real

4  property coverage, (2) business personal property coverage, (3) loss of income coverage, (4)

5  emergency vacating expense coverage, (5) arson reward coverage, and (6) business personal

6  property while off premises or in transit coverage.

7      3.19    On February 15, 2022, CAG sent Capstone a letter which provided written

8  confirmation of the Underwriters' consent to the assignment of benefits associated with the

9  Capstone Claim to the Plaintiff.

10 **C.    Defendants' Claims Handling**

11     3.20    Plaintiff reasserts paragraphs 1.1 through 3.19 and incorporates the same as though

12 fully set forth herein.

13     3.21    On September 15, 2021, the Capstone Claim was filed with Falls Lake regarding

14 the Subject Property.

15     3.22    Defendants retained J.S. Held to provide an estimate of the building repair costs

16 associated with the Subject Property. J.S. Held is not a licensed construction company in

17 Washington State.

18     3.23    J.S. Held performed three inspections of the Subject Property and provided three

19 separate appraisal estimates.

20     3.24    Plaintiff retained McBride Construction Resources, Inc. (McBride) and BELFOR

21 Property Restoration (BELFOR) to provide estimates of the building repair costs associated with

22 the Subject property. McBride and BELFOR are both nationally recognized construction firms

23 which are licensed contractors in Washington State and regularly perform construction repairs

24

1 involving fire losses.

2     3.25    The October 26, 2021, J.S. Held appraisal report of the Subject Property provided an estimate of $1,361,351.44.

4     3.26    The January 26, 2022, McBride estimate report of the Subject Property provided an estimate of $4,641,147.79.

6     3.27    The February 25, 2022, BELFOR appraisal report of the Subject Property provided an estimate of $5,302,234.84.

8     3.28    Thereafter, on March 2, 2022, J.S. Held issued a revised estimate report of the Subject Property in the amount of $1,877,218.22.

10     3.29    Finally, on May 18, 2022, J.S. Held issued a second supplemental estimate of the Subject Property in the amount of $2,785,142.80.

12     3.30    The difference between the J.S. Held May 2022 estimate and the BELFOR estimate is $2,517,092.04. The difference between the J.S. Held May 2022 estimate and the McBride estimate is $1,856,009.99.

15     3.31    Due to the Defendants' delay in bringing the $2,517,092.04 gap between the J.S. Held May 2022 estimate and BELFOR estimate significantly closer together, Plaintiff has been unable to begin repairs on the Subject Property.

18     3.32    Without being able to begin repairs and given the existing damage to the Subject Property, Plaintiff remains unable to lease office spaces in the Subject Property to tenants. As a result, Plaintiff is unable to generate income and consequential damages continue to increase.

21     3.33    On April 29, 2022, pursuant to RCW 48.30.015, Plaintiff placed Falls Lake on notice that they are being provided 20 days to cure its unreasonable denial and resolve all remaining issues under the Capstone Claim. Plaintiff further advised CAG that if the remaining

issues under the Capstone Claim are not resolved within the 20 days, Plaintiff will proceed with having the final damage determination value be set through an appraisal process, pursuant to the terms and conditions of the Falls Lake Policy.

3.34    On August 3, 2022, Plaintiff sent CAG a demand letter attempting to clarify the issues regarding (1) differences in appraisal estimates, (2) business income claim, (3) outstanding invoices from Reid Consolidated Services (RCS), (4) dry rot issues, and (5) bad faith damages. Plaintiff offered to resolve all claims in the amount of $3,091,783.91.

3.35    On August 18, 2022, Plaintiff sent CAG a second demand letter attempting to settle all remaining issues. Plaintiff offered to resolve all extracontractual claims for (1) payment of the remaining policy limits under the Falls Lake Policy, (2) payment of an additional twelve months of business interruption coverage in the amount of $456,000, and (3) payment of Plaintiff's attorneys fees.

3.36    To date, CAG has paid only $3,061,885.35 in property damage and rental income. This amount does not include the cost of repairs estimated by Plaintiff's contractors.

3.37    To date, Defendants have made no attempt or offer to engage in meaningful settlement negotiations to resolve outstanding claims associated with payment of benefits under the Falls Lake Policy.

### IV.    CAUSES OF ACTION

**A.    Breach of Contract**

4.1    Plaintiff reasserts paragraph 1.1 through 3.37 and incorporates the same as though fully set forth herein.

4.2    Defendants had a contractual duty to their insureds under the Falls Lake Policy.

4.3    Defendants also had a duty to the Plaintiff to act reasonably and in good faith in the

investigation and adjustment of claims, pursuant to the terms of the insurance contracts between the parties and the implied covenant of good faith and fair dealing.

4.4 Defendants breached the Falls Lake Policy and the implied duty of good faith and fair dealing by failing to pay benefits which the Plaintiff is entitled to receive. Pursuant to the Falls Lake Policy, the Plaintiff is entitled to receive payment for the remaining policy limits.

4.5 Defendants also breached the contract of insurance by selecting J.S. Held, an unlicensed construction company, to provide appraisal estimates as to the repair costs associated with the Subject Property.

4.6 As a direct and proximate cause of the breaches of contract set forth above, the Plaintiff has sustained consequential damages due to the delays in payments associated with this claim.

4.7 As a result of Defendants' breach of the Falls Lake Policy, Plaintiff is entitled to damages for the remaining policy limits.

**B.** **Violation of the Consumer Protection Act (CPA)**

4.8 Plaintiff reasserts paragraphs 1.1 to 4.7 and incorporates the same as though fully set forth herein.

4.9 Defendants' unreasonable and repeated delays in revising the structure costs resulted in the Plaintiff not receiving the payments for benefits which Plaintiff is entitled to receive.

4.10 Defendants received the McBride estimate in January 2022 and the BELFOR estimate in February 2022. Despite having two credible appraisal estimates from reputable Washington contractors, Defendants' expert, J.S. Held, inspected the Subject Property again in March and May of 2022. Even with J.S. Held's increased May 2022 estimate, a $2.5 million gap

remained when compared to the BELFOR estimates which ultimately resulted in further delay to Plaintiff being able to perform repairs.

4.11    As a result of Defendants' delays, Plaintiff was unable to repair the Subject Property and has suffered a loss of income. Plaintiff remains unable to rent offices in the Subject Property to tenants which directly affects Plaintiff's ability to generate income and is the reason consequential damages continue to increase.

4.12    Defendants' conduct is unreasonable and constitutes unfair acts and deceptive practices under RCW 19.86 et al.

4.13    Defendants' acts and omissions constitute multiple violations of insurance regulatory provisions of the Washington Administrative Code (WAC), including, but not limited to:

    a.    refusing to act in good faith to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear in violation of WAC 284-30-330(6); and

    b.    compelling Plaintiff, a first party claimant, to initiate this litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings in violation of WAC 284-30-330(7).

4.14    Defendants failed to engage in meaningful settlement negotiations with Plaintiff despite Plaintiff providing two reasonable settlement offers on August 3, 2022, and August 18, 2022.

4.15    Defendants fail to consider the economic impact the delays in the payment of benefits under the Falls Lake Policy have on the overall costs associated with repairs. Specifically,

inflation rates and construction costs have gone up significantly in the last seven months.

4.16   As a result of the Defendants' violation of the CPA, Plaintiff is entitled to receive (1) payment for twelve additional months of business interruption coverage, (2) unpaid invoices from RCS, (3) punitive damages, and (4) attorney fees.

**C.   Bad Faith**

4.17   Plaintiff reasserts paragraph 1.1 to 4.16 and incorporates the same as though fully set forth herein.

4.18   Defendants had a duty to act in good faith regarding the investigation and adjustment of claims.

4.19   Defendants failed to act in good faith and deal fairly with Plaintiff by repeatedly delaying the adjustment of the claims associated with the Subject Property.

4.20   At this time, more than eleven months have elapsed since the September 11, 2021 subject loss. Defendants have still not paid the full amount of repair costs to the Plaintiff making it impossible for the Plaintiff to conclude repairs within twelve months from the date of loss as required by the Policy.

4.21   As a direct result of the Defendants' unreasonable delays in the adjustment of claims and failing to pay the benefits Plaintiff is entitled to, Defendants acted in bad faith.

4.22   Plaintiff is entitled to consequential damages for the Defendants' acts of bad faith.

**D.   Violation of Insurance Fair Conduct Act (IFCA)**

4.23   The Plaintiff reasserts paragraphs 1.1 to 4.22 and incorporate the same as though fully set forth herein.

4.24   Pursuant to RCW 48.30.015, any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an

action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs.

4.25   IFCA explicitly creates a cause of action for first party insureds who were "unreasonably denied a claim for coverage or payment of benefits." IFCA was not meant to create a cause of action for regulatory violations. *See Perez-Crisantos v. State Farm*, 187 Wn.2d 669 (2017).

4.26   Defendants unreasonably denied the Plaintiff's claim for payment of benefits under the Policy. Specifically, the Defendants failed to pay the remainder of the Policy limits in which the Plaintiff is entitled to receive and continued to delay a resolution of this claim. The BELFOR estimate from February 2022 is approximately $1,300,000 over the policy limit and the McBride estimate from January 2022 is approximately $600,000 over the policy limit. Regardless of whether the McBride or BELFOR appraisal estimates are used, McBride and BELFOR are the only licensed contractors who provided legitimate estimates and the Plaintiff is entitled to the remaining policy limits.

4.27   Defendants have failed to reimburse the Plaintiff for the actual amounts provided in either the McBride or BELFOR estimates.

4.28   Plaintiff provided Defendants with notice regarding a potential IFCA claim on April 29, 2022. Defendants failed to resolve all issues regarding the payment of benefits under the Policy within the twenty (20) day period pursuant to RCW 48.30.015(8).

4.29   As a result of the Defendants' violation of the IFCA, the Plaintiff is entitled to receive (1) actual damages in the amount of the remaining policy limits and (2) reasonable attorneys' fees and litigation costs incurred in prosecuting this action against the Defendants.

## V.     PRAYER FOR RELIEF

Plaintiff, having alleged the foregoing, does now hereby pray for relief as follows:

1. For trebling of actual damages caused by Defendants and attorney fees pursuant to IFCA.

2. For trebling of actual damages caused by Defendants and attorney fees pursuant to the CPA.

3. For all interest allowed by law.

4. For attorney fees and costs allowed by statute and law.

5. For other and further relief as the Court deems just and equitable.

DATED this 3rd day of October 2022.

LETHER LAW GROUP

*/s/ Thomas Lether*
*/s/ Ryan Bisel*
Thomas Lether, WSBA #18089
Ryan Bisel, WSBA #58634
1848 Westlake Ave N., Suite 100
Seattle, WA 98109
P: 206-467-5444 F: 206-467-5544
tlether@letherlaw.com
rbisel@letherlaw.com
*Attorneys for Plaintiff Pacific Plaza LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certify under the penalty of perjury under the laws of the United States of America that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the following parties:

John M. Silk, WSBA #15035
Sarah L. Eversole, WSBA #36335
WILSON SMITH COCHRAN DICKERSON
1000 Second Ave., Suite 2050
Seattle, WA 98104
206-623-4100
silk@wscd.com
eversole@wscd.com
*Attorneys for All Defendants*

    **By: [X] ECF**

Dated this 3rd day of October 2022 at Seattle, Washington.

                         /s/ Devon Sheehan
                         Devon Sheehan | Paralegal